# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 25-2098, J.O.P, et al. v. U.S. Dep't of Homeland Security, et al. |
| **Originating No. & Caption** | 8:19-cv-01944, J.O.P, et al. v. U.S. Dep't of Homeland Security |
| **Originating Court/Agency** | U.S. District Court for the District of Maryland |

| **Jurisdiction** (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1291 |
| Time allowed for filing in Court of Appeals | 60 days |
| Date of entry of order or judgment appealed | 7/15/2025 |
| Date notice of appeal or petition for review filed | 9/15/2025 |
| If cross appeal, date first appeal filed | N/A |
| Date of filing any post-judgment motion | N/A |
| Date order entered disposing of any post-judgment motion | N/A |
| Date of filing any motion to extend appeal period | N/A |
| Time for filing appeal extended to | N/A |
| Is appeal from final judgment or order? | ● Yes    ○ No |
| If appeal is not from final judgment, why is order appealable? | |

**Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.)

| | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ● No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ◯ Yes | ⦿ No |
| Has transcript been filed in district court? | ◯ Yes | ⦿ No |
| Is transcript order attached? | ◯ Yes | ⦿ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | 21-1187 | |
| Case number of any pending appeal in same case | 25-1519 | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ◯ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ◯ No |
| Does case involve question of first impression? | ◯ Yes | ⦿ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ◯ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

Plaintiffs, a group of aliens who entered the United States as Unaccompanied Alien Children (UACs), brought this class action complaint on July 1, 2019, challenging U.S. Citizenship and Immigration Services' (USCIS) 2019 Redetermination Memo revising its guidance for determining its initial jurisdiction over the asylum applications of UACs. On August 2, 2019, the district court entered a temporary restraining order (later converted to a preliminary injunction) after holding Plaintiffs were likely to succeed on claims that Defendants violated the APA by failing to use notice-and-comment rulemaking to implement the policies. On November 25, 2024, the district court entered final approval of the parties' settlement agreement, which resolved the merits of the litigation but permitted Plaintiffs to seek attorneys' fees. Plaintiffs did so on December 24, 2024, requesting attorneys' fees in the amount of $1,820,206 as well as expenses in the amount of $4,812 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. On July 15, 2025, the district court entered an order partially granting Plaintiffs' motion, awarding attorneys' fees to Plaintiffs in the amount of $909,809.17 and expenses in the amount of $4,812.00.

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

(1) Whether the district court erred in concluding that the position of the United States that the 2019 Redetermination Memo and other guidance changes at issue in this matter did not require notice-and-comment rulemaking under the APA was not substantially justified under the Equal Access to Justice Act, 28 U.S.C. § 2412.

(2) Whether the amount of costs and fees allowed by the district court under the Equal Access to Justice Act, 28 U.S.C. § 2412, was excessive.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| Adverse Party: J.O.P.; M.E.R.E.; K.A.R.C.; E.D.G.; L.M.Z. | Adverse Party: J.O.P.; M.E.R.E.; K.A.R.C.; E.D.G.; L.M.Z. |
|---|---|
| Attorney: Brian Timothy Burgess<br>Address: GOODWIN PROCTER, LLP<br>1900 N Street, NW<br>Washington, DC 20036<br><br>E-mail: BBurgess@goodwinlaw.com<br><br>Phone: 202-346-4000 | Attorney: Michelle Natalia Mendez<br>Address: CATHOLIC CHARITIES IMMIGRATION LEGAL SERVICES<br>James Cardinal Hickey Center 924 G Street, NW Washington, DC 20001<br><br>E-mail: michellenmendez@yahoo.com<br><br>Phone: 202-772-4342 |

**Adverse Parties (continued)**

| Adverse Party: J.O.P.; M.E.R.E.; K.A.R.C.; E.D.G.; L.M.Z. | Adverse Party: J.O.P.; M.E.R.E.; K.A.R.C.; E.D.G.; L.M.Z. |
|---|---|
| Attorney: Elaine Blais<br>Address: Goodwin Procter LLP<br>100 Northern Avenue<br>Boston, MA 02210<br><br>E-mail: eblais@goodwinlaw.com<br><br>Phone: 617-570-1205 | Attorney: Kevin DeJong<br>Address: Goodwin Procter LLP<br>100 Northern Avenue<br>Boston, MA 02210<br><br>E-mail: KDeJong@goodwinlaw.com<br><br>Phone: 617-570-1156 |

**Appellant** (Attach additional page if necessary.)

Name: DHS, USCIS, ICE, Kika Scott, Kristi Noem Todd Lyons
Attorney: Ruth Ann Mueller
Address: U.S. Department of Justice, Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
E-mail: Ruth.A.Mueller@usdoj.gov
Phone: 202-598-2445

Name: DHS, USCIS, ICE, Kika Scott, Kristi Noem Todd Lyons
Attorney: Richard Ingebretsen
Address: U.S. Department of Justice, Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
E-mail: Richard.Ingebretsen@usdoj.gov
Phone: 202-616-4848

**Appellant (continued)**

Name: DHS, USCIS, ICE, Kika Scott, Kristi Noem Todd Lyons
Attorney: Erhan Bedestani
Address: U.S. Department of Justice, Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
E-mail: Erhan.Bedestani2@usdoj.gov
Phone: 202-307-0044

Name: DHS, USCIS, ICE, Kika Scott, Kristi Noem Todd Lyons
Attorney: Brandon Zeller
Address: U.S. Department of Justice, Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
E-mail: Brandon.D.Zeller@usdoj.gov
Phone: 771-217-8120

Signature: /s/ Brandon D. Zeller     Date: 9/30/2025

Counsel for: Appellants

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

Signature:      Date: